In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00069-CR


 ____________________



CARNEL JOSEPH FONTENOT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 94275 






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Carnel Joseph Fontenot pled guilty
to arson. The trial court found the evidence sufficient to find Fontenot guilty, but deferred
further proceedings, placed Fontenot on community supervision for eight years, and assessed
a fine of $500. The State subsequently filed a motion to revoke Fontenot's unadjudicated
community supervision. Fontenot pled "true" to three violations of the conditions of his
community supervision. The trial court found that Fontenot violated the conditions of his
community supervision, found Fontenot guilty of arson, and assessed punishment at ten years
of confinement. 

 Fontenot's appellate counsel filed a brief that presents counsel's professional
evaluation of the record and concludes the appeal is frivolous. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). On September 24, 2009, we granted an extension of time for appellant to file
a pro se brief. We received no response from appellant. We reviewed the appellate record,
and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore,
we find it unnecessary to order appointment of new counsel to re-brief the appeal. Compare
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's
judgment. (1)

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 


Submitted on February 9, 2010

Opinion Delivered February 17, 2009

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Appellant may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68.